STATE BAR OF MICHIGAN *v* MURPHY

ATTORNEY AND CLIENT—DISBARMENT—WITNESSES—CROSS-EXAMINATION.

    State Bar of Michigan disciplinary order against an attorney should be reversed and dismissed where the hearing lacked fundamental fairness because the respondent attorney was unable to cross-examine the complaining witness who did not respond to a subpoena served on him, and the order of suspension was for six months and respondent had been suspended for over seven months.

Appeal from State Bar Grievance Board. Submitted June 7, 1972. (No. 8 June Term 1972, Docket No. 53,775.) Decided June 20, 1972.

---

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 7.

Disciplinary proceedings against Neil F. Murphy. Order entered suspending defendant from practicing law for six months, requiring him to return money to a certain person and to reimburse the State Bar of Michigan for expenses incurred by reason of the proceedings. Defendant appeals. Reversed and dismissed.

*Louis Rosenzweig,* for the State Bar of Michigan.

*Charles Burke,* for defendant on appeal.

T. G. KAVANAGH, J. In January 1968, a request for investigation was filed with the State Bar of Michigan against respondent. In September, 1970, a hearing was held before Hearing Panel #7. The Panel concluded that the charges against respondent were substantially true, and ordered respondent suspended for six months from the practice of law. On appeal to the State Bar Grievance Board, it was found that a certain trial transcript relating to the incident in question had not been available at the hearing, so the matter was remanded to Hearing Panel #7 in order to allow respondent to use it.

In April, 1971, a second hearing was held before Panel #7. The complaining witness did not respond to a subpoena served on him by the Hearing Panel. At the conclusion of the hearing, the Panel reaffirmed their original findings of fact and reinstated their order of suspension. On appeal to the State Bar Grievance Board, the findings and order were affirmed. This appeal is taken from that decision.

We find that the hearing at which the respondent was unable to cross-examine the complaining witness lacked fundamental fairness. While it is true that respondent examined the complaining witness

at the first hearing, he did not have the benefit of the trial transcript at that time.

Usually in this circumstance we remand the matter to the Hearing Panel for further proceedings. However, since the order of suspension was for six months, and respondent now has been suspended for over seven months, we are satisfied that it would serve no good purpose to do so.

Reversed and dismissed, no costs.

T. M. Kavanagh, C. J., and Black, Adams, T. E. Brennan, Swainson, and Williams, JJ., concurred with T. G. Kavanagh, J.